IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ADAM ALONZO | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-1969-P |
| LAWRENCE PENNEY, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Adam Alonzo, a former detainee in the Dallas County Jail, against Dallas County, Texas and Officer Lawrence Penney. On September 30, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on November 8, 2010. The court now determines that plaintiff should be allowed to prosecute his excessive force claim against Officer Penney. His claims against Dallas County should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On or about October 1, 2008, while incarcerated in the Dallas County Jail, plaintiff reported that he was in severe mental distress, posed a threat to himself and others, and asked to see a psychiatric nurse. (*See* Plf. Compl. at 2, ¶ 7). Plaintiff was escorted out of his cell by two detention officers. (*Id.*). A search of his belongings uncovered two razor blades hidden in a Bible. (*Id.*). As plaintiff waited for the psychiatric nurse to arrive on the floor, Officer Lawrence Penney arrived on the scene. (*Id.* at 3, ¶ 8). According to plaintiff, Penney violently pushed him to the ground without provocation and for no apparent reason, breaking his arm. (*Id.*; Mag. J. Interrog. #3). At the time of the incident, plaintiff was kneeling on the ground, facing a wall, with his hands cuffed behind his back. (*See* Plf. Compl. at 3, ¶ 8; Mag. J. Interrog. #3). Since the attack, plaintiff has experienced significant pain and underwent a series of medical procedures, including surgery to repair a displaced mid-shaft humerus fracture of his left arm. (*See* Plf. Compl. at 3, ¶ 9). Plaintiff now sues Officer Penney and Dallas County for civil rights violations arising out of the use of excessive force.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against Dallas County. A municipality may be held liable for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Such a policy may include "a persistent, widespread practice of [county] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). In his complaint, plaintiff generally alleges that:

> Dallas County failed to instruct, supervise, control and discipline on a continuing basis Officer Penney in his duties to refrain from: (1) unlawfully and maliciously assaulting an inmate under his care a [sic] supervision or otherwise using unreasonable and excessive force; (2) violating the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the law of the

> State of Texas; and (3) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.
>
> Defendant Dallas County had actual knowledge that Officer Penney has previously and persistently committed acts like those described above or had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs had taken place and were highly likely to continue to take place. The County of Dallas had the power to prevent or aid in the prevention of the commission of such wrongs, and could have done so by reasonable diligence but recklessly neglected or refused to do so.
>
> The County of Dallas directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Officer Penney heretofore described.

(*See* Plf. Compl. at 4-5, ¶¶ 15-17). However, no facts are alleged to support these conclusory assertions. Without facts to support plaintiff's allegations, there is no basis for municipal liability under section 1983. *See Amir-Sharif v. Valdez*, No. 3-06-CV-2258-P, 2007 WL 1791266 at *2 (N.D. Tex. Jun. 6, 2007).

C.

That leaves plaintiff's excessive force claim against Officer Penney. Plaintiff alleges that Penney violently pushed him without provocation and for no apparent reason, breaking his arm. (*See* Plf. Compl. at 3, ¶ 8; Mag. J. Interrog. # 1 & 3). At the time of the incident, plaintiff was kneeling on the ground, facing a wall, with his hands cuffed behind his back. (*Id.*). Without suggesting a view of whether dismissal may be proper in a different procedural context, plaintiff has alleged enough facts in his complaint to survive dismissal of his excessive force claim against Penney at this stage of the proceeding.

# **RECOMMENDATION**

Plaintiff should be allowed to prosecute his excessive force claim against Officer Penney. His claims against Dallas County should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE